

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 1, 2016**

**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JONATHAN ERIK RODRIQUZ and | § | CASE NO. 16-10047-rlj13 |
| SAMANTHA CORTEZ RODRIQUEZ, | § | |
| | § | |
| | § | |
| Debtors. | § | |

### MEMORANDUM OPINION AND ORDER

The Standing Chapter 13 Trustee, Robert Wilson, has objected to the debtors' proposed chapter 13 plan because it provides for 6% interest on the arrearage amount of $2,100.00 owed to creditor Pamela Acker. The Rodriquezes, through counsel, do not oppose removing the proposed interest, while Ms. Acker, appearing pro se, has simply stated that she wants the arrearage amount paid.

The Court has jurisdiction over this matter under 28 U.S.C. §§ 157(a) and 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B), (O).

On March 14, 2014, the Rodriquezes, as purchasers, and Ms. Acker, as seller, entered into an "Agreement for Real Estate Deed." The agreement provides that upon the Rodriquezes

paying the purchase price of $48,500.00, plus interest at 6%, Acker will deed the real property that is subject of the agreement to the Rodriquezes. The property is the Rodriquezes' residence. Payments are made in the amount of $600.00 per month until paid in full; the agreement does not set forth a definite term or maturity.

The Rodriquezes' plan is a typical "cure and maintain" plan. *See* 11 U.S.C. § 1322(b)(5). They are promising to cure the arrearage that resulted from payments they missed prior to filing bankruptcy and to maintain the installments that come due after filing. Ms. Acker has not filed a proof of claim in the case. Instead, debtors' counsel filed a proof of claim on behalf of Ms. Acker, which claim reflects a balance owing of $47,173.00, including the $2,100.00 arrearage amount. The arrearage represents three and a half months of missed installment payments. Ms. Acker agrees that the proof of claim states the correct arrearage amount. The agreement states that the 6% interest accrues on the "principal sum as remains from time to time outstanding and unpaid." Doc. No. 31. It also provides that if any payment is not received within seven days of the due date, there will be a late charge of 1% added.

As the Trustee submits, § 1322(e) of the Bankruptcy Code must be considered in determining whether the 6% interest on the arrearage is proper. Such provision provides that "[n]otwithstanding subsection (b)(2)" of § 1322 and sections 506(b) and 1325(a)(5) of the Code, if a chapter 13 plan proposes to cure a default, "the amount necessary to cure the default [] shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law." 11 U.S.C. § 1322(e). The Trustee is concerned about any attempt to charge interest on interest, which would have the effect of reducing payments to unsecured creditors.

Ms. Acker is not affirmatively seeking interest on the arrearage amount, which amount obviously includes both past-due principal and past-due interest. And she specifically advised

2

the Court that she is not seeking interest on interest.  Of greater significance, she does not dispute the arrearage amount in the plan (and that is set forth in the proof of claim filed by the debtors' counsel).  The agreement does not provide for interest on prior unpaid interest, and Ms. Acker is not seeking either the 1% late charge that is allowed under the agreement or the 6% interest on any unpaid *principal* portion of the arrearage sum.  Neither Ms. Acker nor the Rodriquezes provided evidence of the amounts of principal and of interest that make-up the total arrearage.

The Court will approve the Rodriquezes' chapter 13 plan with the 6% interest rate removed from the arrearage sum.  The Trustee may submit an order to the Court approving confirmation of the chapter 13 plan, as amended.

SO ORDERED.

### End of Memorandum Opinion and Order ###